# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

RICHARD PATRICK HORTON                                                                    PLAINTIFF
ADC #83175

v.                                              4:18cv00168-JLH-JJV

JOHN DOE, Transport Deputy,
Pulaski County                                                                             DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   INTRODUCTION**

Plaintiff, Richard Patrick Horton ("Plaintiff"), is a prisoner in the Arkansas Department of Correction ("ADC"). In July 2017, Plaintiff filed, in the United States District Court for the Western District of Arkansas ("Western District"), a *pro se* Complaint alleging an unknown Pulaski County transport officer ("Defendant Doe") and several Benton County officials violated his constitutional rights by wrongfully holding him in the Benton County Detention Facility. *See Horton v. Simer*, 5:17cv05146-TLB-ELW (Doc. No. 1). The Western District dismissed the Complaint without prejudice for failing to state a claim upon which relief may be granted. *Id.* (Doc. No. 11.) The Eighth Circuit vacated that ruling without any explanation, and remanded with instructions that the Complaint be served. *Id.* (Doc. No. 22.) After the mandate was issued, the Western District severed Plaintiff's claim against Defendant Doe, who is the only Pulaski County defendant, and transferred it to this Court for separate proceedings.[1] *Id.* (Doc. No. 26.) For the following reasons, I recommend Plaintiff's claim against Defendant Doe be dismissed without

---

[1] The Western District retained and served Plaintiff's claims against the Benton County defendants. *Id.* (Doc. No. 27.)

prejudice.

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges,

3

or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**III.   ANALYSIS**

Plaintiff contends that on February 7, 2017, he was "in the process of being bond[ed] out" of the Pulaski County Detention Facility when a Benton County deputy arrived with a "pick-up order" requiring his transfer to Benton County to attend state court proceedings. (Doc. No. 1 at 5-6.) Importantly, Plaintiff states the pick-up order was signed by a Benton County circuit judge. (*Id.*) Plaintiff complained to Defendant Doe and the Benton County deputy that the pick-up order was invalid because he had been released on bond from the outstanding Benton County charges. (*Id.* at 6.) Allegedly, the Doe Defendant and Benton County deputy ignored Plaintiff's protests, refused to let him "bond out" on the Pulaski County charges, and transferred him to Benton County. (*Id.*) On February 9, 2017, Plaintiff appeared before the Benton County circuit judge, but it is unclear what occurred during that proceeding. Nevertheless, Plaintiff contends he was wrongfully held at the Benton County Detention Facility until February 17, 2017. (*Id.* at 7-12.)

Plaintiff claims Defendant Doe violated his due process rights by allowing him to be transported to Benton County, rather than being released on bond from the Pulaski County Detention Facility. (*Id.* at 8-9.) Monetary damages are the only form of relief sought. (*Id.* at 12.)

The Eighth Circuit has "consistently held that officials acting pursuant to a court order have

a quasi-judicial absolute immunity from damages for actions taken to execute that order." *Rose v. Flairty*, 772 F.3d 552, 554 (8th Cir. 2014) (internal quotations omitted); *see also Patterson v. Von Riesen*, 999 F.2d 1235, 1240 (8th Cir. 1993); *Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir. 1988). Here, Plaintiff admits Defendant Doe was acting pursuant to what appeared to be a valid pick-up order issued by a circuit judge. Plaintiff does not allege Defendant Doe played any role in obtaining that pick-up order, or that he was involved in Plaintiff's continued confinement in Benton County after his appearance in circuit court. Thus, I conclude Defendant Doe is entitled to quasi-judicial absolute immunity from the due process claim Plaintiff is raising against him in this lawsuit.

The next issue is whether dismissal should be counted as a strike under 28 U.S.C. § 1915(g).[2] As previously mentioned, the PLRA requires courts to dismiss a prisoner's complaint if it is "frivolous, malicious, fails to state a claim from which relief may be granted" or "seeks monetary relief from a defendant who is immune from suit." 28 U.S.C. § 1915A(b). However, the PLRA allows a court to impose a strike only if the case is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted." 28 U.S.C. § 1915(g). Because immunity is not one of the specifically enumerated grounds listed in § 1915(g), the Eighth Circuit has held that dismissal based on absolute immunity, standing alone, is not a strike. *Ellis v. Davis*, Case No. 16-2002, 2016 WL 3254071 (8th Cir. June 14, 2016) (unpublished opinion); *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1212-20 (8th Cir. 2014). Accordingly, I

---

[2] Title 28 U.S.C. § 1915(g) provides: " In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

5

recommend that no strike be imposed.

**IV. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. This case be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 14th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE